

IN THE UNITED STATES DISTRICT COURT *for the*
NORTHERN DISTRICT OF TEXAS (DALLAS DIVISION)

| | |
|---|---|
| Joel Gutierrez, ) | 3-24CV2303-E |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| v. ) | |
| ) | **COMPLAINT** |
| Capital One Auto Finance, Inc; Equifax Information ) | **WITH JURY TRIAL DEMAND** |
| Services, LLC; Experian Information Solutions, ) | |
| Inc. and Trans Union, LLC ) | |
| ) | |
| Defendants ) | |
| _____) | |

**COMES NOW,** Plaintiff, Joel Gutierrez, who brings this Complaint and Jury Demand against Capital One Auto Finance, Inc. ("Capital One"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion"); and states the following allegations and claims for relief:

**PARTIES AND JURISDICTION**

1. Plaintiff, Joel Gutierrez, resides in Ellis County, Texas which is within the district and division of this Court. Plaintiff is a consumer as defined by § 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

2. Defendant Capital One is a national bank that makes auto loans. Capital One furnishes credit information about its auto loan customers to credit reporting agencies and thereby qualifies as a "furnisher" of credit information as that term is defined by the FCRA.

3. Defendants Equifax, Experian Trans Union (collectively, the "CRAs") collect information on consumers to sell consumer reports to third parties. Each Defendant is a consumer reporting agency as that term is defined by the FCRA.

4. This lawsuit is brought pursuant to the FCRA and presents a federal question. Therefore, jurisdiction arises under 28 U.S.C § 1331 and 15 U.S.C § 1681, et seq. Venue is proper in this district pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**Processing of Credit Information**

5. The CRAs regularly receive information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors and others. These sources are known as "furnishers" within the credit reporting industry and under the FCRA.

6. Capital One furnishes credit information about Plaintiff to each of the CRAs.

7. The process by which CRAs receive, sort, and store information is largely electronic.

8. Furnishers report credit information to the consumer reporting agencies electronically on a periodic basis using an electronic format known as Metro 2.

9. The CRAs take the credit information reported by these furnishers and create or associate consumer credit files.

10. Credit files are updated electronically by furnishers to reflect new information regarding the reported accounts (often referred to as "tradelines" within the industry).

11. When a furnisher wants to make a change to its reporting between reporting periods, a furnisher makes that change electronically using an electronic document known as an AUD or UDF (in some cases).

**Reinvestigation Procedures**

12. When the CRAs receive a dispute from a consumer, the agencies investigate the dispute using an automated browser-based system called the Online Solution for Complete and Accurate Reporting ("e-OSCAR"). This system was designed to provide furnishers with an online solution for processing consumer disputes.

13. Through e-OSCAR, the CRAs send to the furnisher an Automated Credit Dispute Verification ("ACDV") which is supposed to include: the information the CRA is currently reporting about

the consumer and the credit information being disputed along with all relevant information about the consumer's dispute which the CRA received from the consumer.

14. Through this ACDV, the CRA asks the furnisher to investigate the information in question and determine whether the information that it is reporting to the CRA is correct, complete, and verifiable.

15. Through the ACDV, the furnisher is asked to verify that the indicative information (i.e., information such as name, current address, prior address, social security number, date of birth and phone number) the CRA has on the consumer matches the indicative information maintained in the furnisher's records; to verify that it is associated with the particular account being disputed; and to verify the accuracy of the tradeline information.

16. The furnisher is then supposed to return the ACDV to the CRA with the updated information (if any) relating to the consumer's credit history. In responding to an ACDV, a furnisher informs the CRA that: (a) either the disputed information is "Verified"; (b) that the disputed information should be "Changed"; (c) or that the disputed item of information should be "Deleted". To do this the furnisher is asked to do nothing more than check a box.

17. If a furnisher chooses to verify the information, it will check a box called "Verified As Reported." Once checked, this will instruct the CRA that all information about the disputed item of information is, in fact, accurate and that no changes should be made.

18. If a furnisher elects to change information, it will check the box "Change Data As Shown" and then will input changes into the various fields of information that need to be changed.

19. Whenever a furnisher directs an agency to change information on a consumer's credit file, that furnisher affirms to the CRA that it has made the same changes in its own systems. This affirmation is made by the furnisher on the form used to process the dispute.

**Plaintiff's Auto Loan Account with Capital One**

20. Capital One furnishes consumer account information to the CRAs.

21. At all times relevant, Capital One furnished a certain auto loan account associated with the personal identifying information (i.e., information such as name, current address, prior address, social security number, date of birth and phone number) of Plaintiff.

22. At all times relevant, Capital One furnished the Account to the CRAs with negative payment histories, account statuses and payment ratings (the "Inaccurate Derogatory Data"). At all times relevant, Plaintiff's Account did not have the derogatory payment histories, statuses, or ratings. *Accordingly, the information furnished by Capital One regarding the Account was/is inaccurate and contained inaccuracies or omissions.*

**Plaintiff's Disputes**

23. Capital One furnished and continues to furnish the Account inaccurately to the CRAs.

24. Plaintiff has disputed the accuracy of the Account with each of the CRAs on numerous occasions.

25. Each of the CRAs received Plaintiff's disputes and forwarded those disputes to Capital One.

26. During this time Plaintiff's credit scores suffered greatly.

27. Plaintiff has suffered adverse action (including, credit denial, delay in obtaining credit, and/or other such action) due to the inaccurately reported Account based on consumer reports issued by the CRAs.

28. These adverse actions and others caused Plaintiff considerable emotional distress, including frustration, embarrassment, and humiliation.

29. The CRAs processed Plaintiff's disputes by sending ACDVs to Capital One.

30. Capital One received those ACDVs and responded by improperly verifying the inaccurately reported Account information.

31. Other than sending an ACDVs to Capital One, the CRAs did nothing to investigate the accuracy or completeness of the Account.

32. Plaintiff spent many hours of time disputing the inaccurate reporting with Capital One and the CRAs.

33. Plaintiff worked very hard and deliberately for years to maintain his credit history.

34. The failures of Capital One and the CRAs to correct this reporting has caused Plaintiff a great amount of emotional distress, has impaired his ability to obtain credit or to obtain it on favorable terms.

## CLAIMS FOR RELIEF FCRA

**Violations by Capital One**

35. This is a claim for violations of the federal Fair Credit Reporting Act.

36. Capital One furnished credit information about Plaintiff to the CRAs.

37. Capital One is subject to the FCRA, including those duties set out in § 1681s-2(b).

38. At all relevant times, Capital One provided inaccurate, misleading and/or incomplete credit information to the CRAs about Plaintiff. This inaccurate, misleading and/or incomplete credit information was reported by the CRAs to Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation.

39. Plaintiff has notified the CRAs of his disputes of the information being reported by Capital One. A form of Plaintiff's disputes and requests for reinvestigation were forwarded to Capital One by the CRAs.

40. Information was available to Capital One that should have, upon a reasonable investigation, informed Capital One that its reporting of the Account was inaccurate, misleading and/or incomplete.

41. Capital One knows, should know, or acts recklessly in not knowing that Plaintiff's Account was being reported inaccurately.

42. There is no reasonable interpretation of credit reporting law that could justify Capital One's reporting of the Account.

43. Despite its knowledge that the information being reported to Plaintiff's credit file was inaccurate, misleading and/or incomplete, Capital One repeatedly reported the information and repeatedly verified the information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

44. Capital One has taken actions which violate the FCRA, specifically 15 USC § 1681s-2(b). These actions include, but are not limited to, the following:

    (a) reporting inaccurate, misleading and/or incomplete information to the consumer reporting agencies regarding the Account;

    (b) failing to fully, properly or reasonably investigate Plaintiff's requests for reinvestigation;

    (c) failing to review all relevant information regarding Plaintiff's requests for reinvestigation and/or disregarding that information after review;

    (d) after receiving notice of Plaintiff's requests for reinvestigation, continuing to submit inaccurate, misleading and/or incomplete information to the CRAs regarding the Account;

    (e) failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Capital One knows to be inaccurate, misleading and/or incomplete;

    (f) failing to accurately respond to Plaintiff's requests for reinvestigation made through the CRAs after receipt of those disputes.

45. Capital One knows that the information it provided to the CRAs was false, inaccurate, misleading and/or incomplete.

46. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, damage to credit reputation, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

47. The acts and/or omissions of Capital One made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. § 1681n.

48. The acts and/or omissions of Capital One made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided in 15 U.S.C. § 1681o.

**FCRA Violations by Equifax**

49. Plaintiff disputed the Account with Equifax and requested that Equifax conduct reinvestigations pursuant to § 1681i.

50. Plaintiff's requests for reinvestigation included sufficient information for Equifax to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

51. But Equifax did not conduct any reinvestigations.

52. Instead, in response to Plaintiff's disputes, Equifax simply parroted the inaccurate reporting it received from Capital One and conducted no investigation of its own.

53. Despite being fully aware that Plaintiff did not agree with Equifax's reporting and that she had a different version of what occurred, Equifax omitted Plaintiff's statement of dispute.

54. In response to Plaintiff's disputes, Equifax performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

55. If Equifax did conduct the reinvestigations requested by Plaintiff, Equuifax failed to perform reasonable investigations.

56. Equifax knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Equifax does both when it initially reports information and when it investigates consumer disputes.

57. Even prior to Plaintiff's requests for investigation, Equifax maintained sufficient information about the Account for Equifax to conclude that the account was being inaccurately reported and/or that Equifax's reporting of the account was not reliable.

58. Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports in violation of § 1681e(b).

59. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

60. Equifax has negligently violated § 1681e; alternatively Equifax has willfully violated § 1681e.

61. Equifax has negligently violated § 1681i; alternatively Equifax has willfully violated § 1681i.

62. Plaintiff suffered damages as a result of these violations for which Plaintiff is entitled to recover under § 1681o or, alternatively, § 1681n.

**FCRA Violations by Experian**

63. Plaintiff disputed the Account with Experian and requested that Experian conduct reinvestigations pursuant to § 1681i.

64. Plaintiff's requests for reinvestigation included sufficient information for Experian to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

65. But Experian did not conduct any reinvestigations.

66. Instead, in response to Plaintiff's disputes, Experian simply parroted the inaccurate reporting it received from Capital One and conducted no investigation of its own.

67. Despite being fully aware that Plaintiff did not agree with Experian's reporting and that she had a different version of what occurred, Experian omitted Plaintiff's statement of dispute.

68. In response to Plaintiff's disputes, Experian performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

69. If Experian did conduct the reinvestigations requested by Plaintiff, Experian failed to perform reasonable investigations.

70. Experian knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Expereian does both when it initially reports information and when it investigates consumer disputes.

71. Even prior to Plaintiff's requests for reinvestigation, Experian maintained sufficient information about the Account for Experian to conclude that the account was being inaccurately reported and/or that Capital One's reporting of the account was not reliable.

72. Experian failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports in violation of § 1681e(b).

73. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

74. Experian has negligently violated § 1681e; alternatively Experian willfully violated § 1681e.

75. Experian has negligently violated § 1681i; alternatively Experian willfully violated § 1681i.

76. Plaintiff suffered damages as a result of these violations for which Plaintiff is entitled to recover under § 1681o or, alternatively, § 1681n.

**FCRA Violations by Trans Union**

77. Plaintiff disputed the Accounts with Trans Union and requested that Trans Union conduct reinvestigations pursuant to § 1681i.

78. Plaintiff's requests for reinvestigation included sufficient information for Trans Union to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

79. But Trans Union did not conduct any reinvestigations.

80. Instead, in response to Plaintiff's disputes, Trans Union simply parroted the inaccurate reporting it received from Capital One and conducted no investigation of its own.

81. Despite being fully aware that Plaintiff did not agree with Trans Union's reporting and that she had a different version of what occurred, Equifax omitted Plaintiff's statement of dispute.

82. In response to Plaintiff's disputes, Trans Union performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

83. If Trans Union did conduct the reinvestigations requested by Plaintiff, Trans Union failed to perform reasonable investigations.

84. Trans Union knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Trans Union does both when it initially reports information and when it investigates consumer disputes.

85. Even prior to Plaintiff's requests for reinvestigation, Trans Union maintained sufficient information about the Accounts for Trans Union to conclude that the account was being inaccurately reported and/or that Capital One's reporting of the account was not reliable.

86. Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports in violation of § 1681e(b).

87. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

88. Trans Union has negligently violated § 1681e; alternatively Trans Union has willfully violated § 1681e.

89. Trans Union has negligently violated § 1681i; alternatively Trans Union has willfully violated § 1681i.

90. Plaintiff suffered damages as a result of these violations for which Plaintiff is entitled to recover under § 1681o or, alternatively, § 1681n.

## JURY DEMAND

91. Plaintiff exercises her right to a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff respectfully requests the following relief from this Court:

1. That this Court enter a judgment against Capital One, Equifax, Experian and Trans Union for negligent and/or willful violations of the FCRA and award Plaintiff's actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment and damage to credit reputation; statutory damages; punitive damages; costs and attorney's fees.

2. For such other and further relief as the Court deems just and proper.

**TODAY** is September 3, 2024.

Respectfully submitted,

_____
Joel Guiterrez (Pro Se)
661 E. Main St #200208
Midlothian, TX 76065-3340
(503) 619-6104
joel_gutierrez_jr@me.com

# CIVIL COVER SHEET

JS 44 (Rev. 04/21) (TXND 4/21)

Case 3:24-cv-02303-E-BK   Document 3   Filed 09/10/24   Page 12 of 12   PageID 16

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

3-24CV2303-E

## I. (a) PLAINTIFFS
JOEL GUTIERREZ

### DEFENDANTS
CAPITAL ONE AUTO FINANCE, INC. et al.

**(b)** County of Residence of First Listed Plaintiff: Ellis County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel Gutierrez, 661 E. Main St #200208
Midlothian, TX 76065-3340 (503) 619-6104

Attorneys *(If Known)*

RECEIVED SEP 10 2024 CLERK U.S. DISTRICT COURT NORTHERN DIST. OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681

Brief description of cause:
Reporting false, derogatory information relating to Plaintiff's credit profile

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: September 4, 2024

SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____